### KUKER v. PURVIS.

1. APPEAL RECORD.—Attention called to the necessity of furnishing this court with a copy of the decree from which an appeal is taken, or, at least, a summary of it.

2. FINDINGS OF FACT by the referee, approved by the Circuit Judge, sustained, such findings not being without testimony to support them, nor opposed to the manifest weight of the testimony.

3. INTEREST.—Ten per cent. interest cannot be objected to when called for by legal contract.

Before WALLACE, J., Florence, May, 1892.

Action by John Kuker against Q. C. M. Purvis, for foreclosure of mortgage.

*Messrs. Woods & Spain,* for appellant.

*Mr. John A. Kelley,* contra.

July 26, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. On 12th April, 1881, Mrs. Q. C. M. Purvis, then and now a married woman, being indebted to a Mr. Carrigan for moneys advanced by him to her to pay for a tract of land in Florence County which she had purchased, which indebtedness bore interest at the ruinous rate of two per cent. per month, prevailed upon the plaintiff, John Kuker, to pay off Carrigan's debt, amounting to $493; and to secure this amount, she executed to the said Kuker a deed absolute on its face for her said lands, naming in said deed $493 as its consideration. Although this deed was absolute on its face, it was intended by both the grantor and grantee to be a mortgage, certainly to secure the $493, advanced to pay Carrigan,

and also contended, on the one side, to secure any other advances Kuker should make Mrs. Purvis, and, on the other side, the latter is denied. Certainly, however, advances were made, consisting of provisions, plantation and family supplies, taxes, and premiums for insurance. After insurance of the dwelling house for $400, it was burned down, and when the loss was adjusted, only $275 was paid. This amount Kuker contends he paid over to Mrs. Purvis to enable her to rebuild, while Mrs. Purvis insists that such was not the case. Payments on account were made from time to time always by Mr. Purvis, the husband. Kuker, desiring to go out of business early in the year 1886, closed up all indebtedness of others to himself by note and securities. On 20th January, 1886, he and his book-keeper and Mr. Purvis went over all the account between Kuker and his wife [Mrs. Purvis], and ascertained that there was then due, only allowing interest at seven per cent. up to that date, the sum of $739.71. For this amount Mrs. Purvis signed this paper: "Florence, S. C., January 20, 1886. Due to John Kuker up to date on land titled to him on April 12, 1881, seven hundred and thirty-nine and 71–100 dollars, with ten per cent. per annum from date."

In August, 1890, the plaintiff began an action for foreclosure of his mortgage, demanding judgment for $739.71, and interest thereon at ten per cent. per annum from 20th January, 1886. The answer set up her being a married woman; that she was really not indebted at all to plaintiff, because she had overpaid him by the insurance money, crops turned over, &c.; that so much of his account as was covered by advances to her husband was erroneous in law, &c. The issues of law and fact were referred to W. A. Brunson, Esq., as special referee. He heard all the testimony and made a carefully prepared report, in which, after deducting from plaintiff's claim all advances made to the husband after the 1st May, 1882, he recommended that plaintiff have judgment for the sum of $700.28, at date of his report, 12th November, 1891. Exceptions were taken to this report, which came on to be heard before his honor, Judge Wallace, at the spring term, 1892. Judge Wallace, by his decree, we are led to infer from the languge of appellant as set

out in her grounds of appeal, overruled all the exceptions, and confirmed the report of the special referee.

From this decree the defendant now appeals to this court on four grounds: 1. That his honor erred in sustaining the referee's finding as a matter of fact that there was no direction given to the plaintiff as to the application of the payments made upon the mortgage debt, there being no testimony to support the referee and Circuit Judge upon this point, the entire testimony showing the contrary. 2. That after properly holding that the defendant, Mrs. Purvis, was liable only for the sum of $493, the amount of the original mortgage, his honor should have held that at least the $400 admitted by the plaintiff to have been paid at the execution of the "due bill or promissory note," with direction that the same be applied to the mortgage debt, went *pro tanto* to the extinguishment of the mortgage. 3. That his honor erred in allowing ten per cent. interest upon other amounts than the $493 against the defendant at the ten per cent., there having been no agreement to pay interest thereon. 4. That his honor should have held that plaintiff was only entitled to foreclosure for the sum of $493, with interest from January 20, 1886, and $24.50 taxes paid, reduced by at least the sum of $400, which the defendant admitted the defendant had paid him at the execution of the "due bill or promissory note" of date January 20, 1886, with direction that the said payment be applied to the mortgage debt.

It is due to the orderly administration of justice that when a decree on the equity side of the Circuit Court is appealed from, the text of the decree, or, at the very least, a summary of its contents, should appear in the "Case." Here nothing is stated as to Judge Wallace's decree, not even that it was made, except, as before intimated, where reference is made to it in the grounds of appeal.[1] If we were disposed, any further reference to the grounds of appeal might be dispensed with at this point, and the appeal dismissed; but in tenderness for

[1] The printed "Case" has this statement: "The cause was referred to a referee, who made a report, which hereinafter appears. Judge Wallace heard the cause upon exceptions to said report, and confirmed the referee's conclusions of law and fact."—REPORTER.

the rights of litigants, and moved to a regard for an oversight, unintentional, no doubt, of counsel concerned, we will appear not to see this defect.

It is manifest that the grounds of appeal all impute error to the findings of fact by the referee and Circuit Judge. The well recognized rule is that such findings will not be disturbed, unless without any testimony to support them, or unless they are opposed to the manifest weight of the testimony. We have carefully examined the testimony and find:

(a) That by the testimony of John Kuker and his clerk, J. DeJongh, the first transaction with Mrs. Purvis was on the 12th April, 1881, when the $493 was advanced to take up the mortgage held by Mr. Carrigan upon her land; that thereafter there were other transactions in the shape of legitimate advances to her; and that, also, under her direction, advances were made by Kuker to her husband, Mr. Purvis, in the shape of mules and a wagon to be used by him on his own account; and, further, that premiums for insurance on her dwelling and taxes were paid by Kuker—all of these items being entered on what Kuker and his clerk called "the mortgage account," which "mortgage account" included not only the $493 paid to Mr. Carrigan, but such other sums as Kuker might, after the 12th April, 1881, advance to her. Also, that by the testimony of Mr. and Mrs. Purvis, all crops made on Mrs. Purvis' lands were for the benefit of Mr. Purvis, and not for her separate estate; that by the production by Kuker of Mrs. Purvis' receipts for the money received under her policy of insurance, that matter is eliminated from the accounts; that Mrs. Purvis did sign the obligation on 20th January, 1886, whereby she acknowledged that Kuker had a just claim under his mortgage for $739.71; that it was competent for Mrs. Purvis, by testimony, to reduce this amount if she could, and that the testimony on her behalf failed to reduce it below what was allowed; that the referee and Circuit Judge have allowed her to reduce it from what would have been due, under the note, on 12th November, 1891, viz: $1,177.29, to the sum of $700.28, because of some advances to Mr. Purvis being included. This conclu-

sion of the Circuit Judge is not without testimony to support it, or not against the manifest weight of the testimony.

(b) From the statement under the head herein (a) the second ground of appeal is dismissed.

(c) When it is remembered that Mrs. Purvis' "due bill or promissory note" allowed ten per cent. interest on $739.71, as covered by the mortgage, and that the amounts allowed by the referee and Circuit Judge are less than this sum, it will be seen that this ground of appeal must be dismissed.

(d) The matters complained of in this ground of appeal are covered by the statement set out under our head (a).

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.